**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4106-13T4

IN THE MATTER OF
AH'KALEEM FORD,
HUDSON COUNTY.

_____

Submitted February 1, 2017 — Decided August 28, 2017

Before Judges Fuentes and Carroll.

On appeal from the New Jersey Civil Service Commission, Docket No. 2014-640.

Ah'Kaleem Ford, appellant pro se.

Chasan Leyner & Lamparello, attorneys for respondent County of Hudson (Cindy Nan Vogelman, of counsel and on the brief; Qing H. Guo, on the brief).

Christopher S. Porrino, Attorney General, attorney for the New Jersey Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

On December 18, 2011, officers from the Bloomfield Police Department arrested Ah'Kaleem Ford and charged him with simple

assault, N.J.S.A. 2C:12-1a(1),[1] of his paramour, who was also the mother of his then three-month-old son. In addition, the victim filed a complaint under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35, and obtained a temporary restraining order (TRO) against Ford. At the time, Ford was employed by Hudson County (the County) as a Corrections Officer. On December 20, 2011, the County issued a Preliminary Notice of Disciplinary Action (PNDA) charging Ford with insubordination, N.J.A.C. 4A:2-2.3(a)(2); conduct unbecoming a public employee, N.J.A.C. 4A:2-2.3(a)(6); neglect of duty, N.J.A.C. 4A:2-2.3(a)(7); inability to perform duties, N.J.A.C. 4A:2-2.3(a)(3); and other sufficient cause, N.J.A.C. 4A:2-2.3(a)(12).

On January 4, 2012, the County conducted a departmental hearing and issued a Final Notice of Disciplinary Action (FNDA) suspending Ford from duty pending the outcome of his charge of simple assault, a disorderly persons offense. Following the dismissal of the simple assault charge, the County conducted another departmental hearing on April 23, 2012. In a decision dated April 30, 2012, the Hearing Officer found "the County [had]

---

[1] According to information obtained from the Bloomfield Police Department, at approximately 11:43 p.m. on December 18, 2011, Ford physically assaulted the victim by twisting her arm, throwing her to the ground, and striking her in the face with a house phone, causing her to have a swollen lip.

sustained all charges contained [in the PDNA dated December 20, 2011.]" The Hearing Officer ordered that Ford be suspended for six months, with credit for the intervening period of suspension. Ford's return to active duty was also conditioned upon passing a psychological "fitness for duty" test.

Ford failed to appear for his first "fit to return to duty" appointment with Dr. Robert Kanen, the County's psychologist. He arrived fifteen minutes late for his second appointment on May 17, 2012. According to Dr. Kanen, Ford was uncooperative and defiant from the start. Ford refused to answer even the most basic questions about his then current personal situation. His behavior was both confrontational and irrational. As Dr. Kanen noted in his May 21, 2012 report: "Within five minutes of the psychological fitness for duty evaluation, Ah'Kaleem Ford was uncooperative, hostile, and oppositional. When questions were asked of him, he began to throw back the questions on this examiner[,] asking me 'What do you think?'" Dr. Kanen found Ford unfit to perform the duties of a Corrections Officer.

As a result of his behavior during the psychological evaluation, the County served Ford with a second PDNA on July 17, 2012. This time, the County charged Ford with insubordination, N.J.A.C. 4A:2-2.3(a)(2); inability to perform duties, N.J.A.C. 4A:2-2.3(a)(3); and other sufficient cause, N.J.A.C. 4A:2-

2.3(a)(12). These charges were presented to a Hearing Officer at a departmental hearing conducted on September 25, 2012. In a Final Decision dated October 12, 2012, the Hearing Officer terminated Ford from his position as a Corrections Officer "effective immediately."

Ford appealed both his initial suspension from duty, commencing on June 8, 2012, and his final termination. The Commission consolidated these issues and referred the matter for an evidentiary hearing before an Administrative Law Judge (ALJ). The County and Ford presented evidence to the ALJ over the course of several hearing dates. The ALJ issued an Initial Decision on May 22, 2013, in which he upheld the suspension of "132 working days or six calendar months" based on "conduct unbecoming resulting from an allegation of simple assault against [Ford's] girlfriend[.]" The ALJ reversed the sanction related to Ford's "psychological unfitness for duty and other charges[.]" The ALJ ordered the County to reinstate Ford "to his position of Senior Corrections Officer with back pay from June 22, 2012."

In a Final Decision issued on August 15, 2013, the Commission reported that at a meeting held on July 31, 2013, it accepted and adopted the ALJ's Findings of Fact and upheld the 132-working-day suspension, but modified the ALJ's recommendation to reverse the removal. In this regard, the Commission ordered that the reversal

of Ford's removal was contingent upon his successful completion of a new psychological fitness for duty examination. With respect to the mental health professional who would perform this new evaluation, the Commission stated: "The selection of the psychiatrist or psychologist shall be by agreement of both parties within 30 days of the date of this decision. The appointing authority [the County] shall pay for the cost of this evaluation."

Represented by counsel, Ford requested the Commission to reconsider its July 31, 2013 decision. In an opinion issued on March 27, 2014, the Commission described the history of the case and then stated the standard of review that applies in determining a request for reconsideration:

> A petition for reconsideration shall be in writing signed by the petitioner or his or her representative and must show the following:
>
> 1. The new evidence or additional information not presented at the original proceeding, which would change the outcome[,] and the reasons that such evidence was not presented at the original proceeding; or
>
> 2. That a clear material error has occurred.
>
> [N.J.A.C. 4A:2-1.6(b)(1)—(2).]

The Commission found that Ford's petition for reconsideration "raised several procedural challenges regarding the disciplinary actions" which were not raised as exceptions to the ALJ's Initial

Decision.[2]  Ford did not provide any explanation for his failure to raise these alleged procedural irregularities in a timely fashion.  The Commission noted that these deficiencies alone provided sufficient grounds to deny Ford's request for reconsideration.

Notwithstanding this procedural bar, the Commission found that Ford's argument predicated on the County's failure to comply with N.J.S.A. 40A:14-149.2 was substantively without merit.  The statute provides:

> If a suspended police officer is found not guilty at trial, the charges are dismissed[,] or the prosecution is terminated, said officer shall be reinstated to his position and shall be entitled to recover all pay withheld during the period of suspension subject to any disciplinary proceedings or administrative action.
>
> [Ibid. (emphasis added).]

---

[2] On the final page of the Initial Decision, immediately above the ALJ's signature, there is the following statement:

> Within thirteen days from the date on which this recommended decision was mailed to the parties, any party may file written exceptions with the DIRECTOR, DIVISION OF APPEALS AND REGULATORY AFFAIRS, UNIT H, CIVIL SERVICE COMMISSION, 44 South Clinton Avenue, P.O. Box 312, Trenton, New Jersey 08625-0312, marked "Attention: Exceptions."  A copy of any exceptions must be sent to the Judge and to the other parties.

A plain reading of the statute illustrates that as a County Corrections Officer, the provisions of N.J.S.A. 40A:14-149.2 do not apply to Ford. The Commission thereafter reviewed and rejected other facially specious arguments raised by Ford.

The Commission also addressed the County's request for the imposition of sanctions against Ford for his failure to comply with the portion of the Commission's Final Decision requiring the parties to select, within 30 days of the date of the Decision, a mutually acceptable mental health professional to conduct a fitness for duty evaluation. In this respect, the Commission found:

> It is unrebutted in the record that the appointing authority attempted to comply with the Commission's order by providing the names of four doctors to the appellant, but, other than his one counter-proposal, the appellant has taken no action to obtain the required fitness for duty evaluation. Regardless, since the matter of his petition for reconsideration has now been adjudicated, the Commission will offer the appellant one more opportunity to complete the required fitness for duty examination.

As a means of bypassing Ford's uncooperative behavior, the Commission selected Dr. Susan A. Furnari, D.Ed. and ordered Ford to schedule an appointment with Dr. Furnari "for a fitness for duty evaluation." The Commission reaffirmed its earlier ruling that if Dr. Furnari found Ford was fit for duty, "without

A-4106-13T4

qualification," he would be "immediately reinstated to his position." However, he would not be entitled to back pay for the period between July 31, 2013 and the date of this order, March 27, 2014. The Commission stated as follows: "If [Ford] fails to obtain and/or schedule the required fitness for duty evaluation, as specified in this decision, the Commission orders that [Ford] be removed effective September 25, 2012."

On April 21, 2014, Ford filed a pro se Notice of Appeal with this court challenging the Commission's March 27, 2014 decision denying his petition for reconsideration. In his pro se brief, Ford argues the Commission erred in finding the provisions of N.J.S.A. 40A:14-149.2 do not apply to him. We disagree and affirm.

As an appellate court, we apply a deferential standard of review to disciplinary decisions made by the Commission. See In re Stallworth, 208 N.J. 182, 194—95 (2011) (citations omitted). In order to reverse a final decision of the Commission, an appellant must demonstrate that the decision was arbitrary, capricious, or unreasonable. Id. at 194. To reach this conclusion, we must consider and apply the following factors:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency

A-4106-13T4

clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[Ibid. (quoting In re Carter, 191 N.J. 474, 482—83 (2007)).]

In cases involving disciplinary actions in particular, we are prohibited from substituting our judgment for that of the Commission, even if, considering the same facts, we would have reached a different result. Ibid. (quoting Carter, supra, 191 N.J. at 483).

Against this standard of review, we discern no legal basis to disturb the Commission's March 27, 2014 decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION